CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Elliott Montgomery, Esq., SBN 279451
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
ElliottM@potterhandy.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love,**<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**Jack Alfred Nalbandian;**<br>**Diala George Nalbandian;**<br>**Noe Diaz Camargo**; and Does 1-10,<br><br>　　　　Defendants. | Case No. 5:18-CV-00871-MWF-JC<br><br>**Plaintiff's Opposition to Defendant's Motion to Dismiss**<br><br>Date:　　January 27, 2020<br>Time:　　10:00 a.m.<br>Ctrm:　　5A<br><br>Hon. Michael W. Fitzgerald |

**TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................. 5

I. Preliminary Statement ................................................................. 5

II. The Complaint is Sufficiently Pled ............................................. 5

III. Defendants ignore the deferential standard given to pleading language and demand detailed facts not required in a Complaint ..................................................................................... 9

IV. Defendants' Jurisdictional Challenge is Inappropriate as a 12(B)(1) Motion ......................................................................... 12

V. Defendants Have Not Met the "Formidable" Burden of Establishing Mootness ............................................................... 13

   A. Defendants Have Not Established that the Parking and Transaction Counter Comply ........................................................ 14

   B. Defendants Have Not Established the Violation Will Not Recur ... 15

   C. Defendants Have Not Addressed the Voluntary Cessation Standard ........................................................................................ 18

VI. Conclusion ................................................................................. 19

**TABLE OF AUTHORITIES**

**Cases**

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*
   603 F.3d 666 (9th Cir. 2010) ................................................................. 5

*Bell Atlantic Corp. v. Twombly*,
   550 US 544 (2007) ............................................................................ 9, 10

*Braden v. Wal–Mart Stores, Inc.*,
   588 F3d 585 (8th Cir. 2009) ................................................................. 9

*Careau Grp. v. United Farm Workers of Am., AFL-CIO*,
   940 F.2d 1291 (9th Cir. 1991) ............................................................ 13

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   631 F.3d 939 (9th Cir. 2011) ......................................................... 5, 15

*City of Mesquite v. Aladdin's Castle, Inc.*,
   455 U.S. 283 (1982) ............................................................................ 15

*D'Lil v. Best W. Encina Lodge & Suites*,
   538 F.3d 1031 (9th Cir. 2008) ............................................................ 11

*Doran v. 7-Eleven, Inc.*,
   524 F.3d 1034 (9th Cir. 2008) ............................................................ 11

*Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.*,
   975 F. Supp. 2d 1374 (N.D. Ga. 2013) ............................................... 17

*Grove v. De La Cruz*,
   407 F. Supp. 2d 1126 (C.D. Cal. 2005) ............................................... 18

*Jenkins v. United States Gas Corporation*,
   400 F.2d 28 (5th Cir. 1998) ................................................................ 18

*Kohler v. CJP, Ltd.*,
   818 F. Supp. 2d 1169 (C.D. Cal. 2011) .............................................. 12

*Kyles v. J.K. Guardian Sec. Servs.*,
   222 F.3d 289, 294 (7th Cir. 2000) ...................................................... 11

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555, 560 (1992) .................................................................. 10

*Moeller v. Taco Bell Corp.*
    816 F.Supp.2d 831 (N.D. Cal. 2011) ......................................................5

*Molski v. M.J. Cable, Inc.,*
    481 F.3d 724 (9th Cir. 2007) .............................................................. 15

*Peloza v. Capistrano Unified Sch. Dist.,*
    37 F.3d 517 (9th Cir. 1994)...................................................................9

*Safe Air for Everyone v. Meyer,*
    373 F.3d 1035 (9th Cir. 2004) ............................................................ 13

*Santiago v. Miles,*
    774 F.Supp. 775 (W.D.N.Y. 1991) ..................................................... 18

*Sharp v. Rosa Mexicano, D.C., LLC,*
    496 F. Supp. 2d 93 (D.D.C. 2007)....................................................... 16

*Sheely v. MRI Radiology Network, P.A.,*
    505 F.3d 1173 (11th Cir. 2007) .......................................................... 18

*Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.,*
    711 F.2d 138 (9th Cir. 1983) ........................................................12, 13

*U.S. v. Real Prop. Located at 5208 Los Franciscos Way, Los Angeles,*
    *Cal.*, 385 F.3d 1187, 1193 (9th Cir. 2004) ........................................... 11

*United States v. Concentrated Phosphate Export Ass'n,*
    393 U.S. 199 (1968).............................................................................. 15

*United States v. W.T. Grant,*
    345 U.S. 629 (1953)............................................................................ 18

*Wilson v. Kayo Oil Co.,*
    563 F.3d 979 (9th Cir. 2009 ............................................................... 10

**Statutes**

28 U.S.C. § 1367 ...................................................................................... 25
28 U.S.C. § 1367(c) ................................................................................. 26
42 U.S.C. § 12183(a)(2) ............................................................................ 8
42 U.S.C. §§ 12183(a)(2) ........................................................................... 8
Cal. Civ. Code § 51(f) .............................................................................. 26
Cal. Gov't Code § 8299 ........................................................................... 30

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Preliminary Statement

Plaintiff, a paraplegic, filed the instant claims against the defendants because the business failed to provide accessible parking spaces and transaction counter. Defendants move for dismissal of the Complaint on the basis that Love fails to state a claim and the Court lacks subject matter jurisdiction. These arguments do not have merit. The Complaint contains sufficient factual allegations, and Love's pleading is sound.

## II. The Complaint is Sufficiently Pled

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and give "the defendant fair notice of what the . . . claim is and grounds upon which it rests" in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. In order to determine whether a pleading contains the necessary allegations, a party must understand what constitutes a viable claim under the cause of action pled.

Here, Love's claims are based on Title III of the ADA. To succeed on a Title III ADA architectural barrier claim, "a plaintiff must show that: (1) he is disabled . . . (2) the defendants are private entities that own, lease, or operate a place of public accommodation; and (3) the plaintiff was denied public accommodations" because of his disability.[1] "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards."[2] This is because

---

[1] *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

[2] *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011)

discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities"[3] and, where there are no alterations, "a failure to remove architectural barriers…in existing facilities…where such removal is readily achievable."[4]

Thus, the following is a simplified statement of the elements necessary for Love to allege under this section: (1) Love must be disabled; (2) Defendants' facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA; (3) Defendants must be responsible parties, i.e., owners, operators, lessors or lessees; (4) Defendants' facility must have either undergone an alteration that did not comply with the access standards or contain an easily removed barrier that the defendants failed to remove; (5) Love must have actually encountered this non-removed and unlawful barrier; (6) The barrier must continue to impact Love because either he will return and face it again or Love is being deterred from returning because of his knowledge of the barrier. As demonstrated by the table below, Love has made all the necessary factual and legal allegations necessary to state a claim.

| Element | Fact Alleged |
|---|---|
| 1. Disability | "Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He is a paraplegic who uses a wheelchair for mobility." <br> • (Complaint, p. ¶ 1). |
| 2. Place of Public Accommodation | "Diaz Smog is a facility open to the public, a place of public accommodation, and a business establishment." |

---

[3] 42 U.S.C. § 12183(a)(2)
[4] 42 U.S.C. § 12182(b)(2)(A)(iv)

| | | |
|---|---|---|
| | | • (Complaint, ¶ 11). |
| | 3. Responsible Parties | "Defendants Jack Alfred Nalbandian and Diala George Nalbandian owned the real property located at or about 1347 N. Mount Vernon Avenue, Colton, California, in April 2018. Defendants Jack Alfred Nalbandian and Diala George Nalbandian own the real property located at or about 1347 N. Mount Vernon Avenue, Colton, California, currently. Defendant Noe Diaz Camargo owned Diaz Smog located at or about 1347 N. Mount Vernon Avenue, Colton, California, in April 2018. Defendant Noe Diaz Camargo owns Diaz Smog located at or about 1347 N. Mount Vernon Avenue, Colton, California, currently."<br>• (Complaint, ¶¶ 2-5). |
| | 4. Plaintiff's Encounter with Barriers. | "Plaintiff went to Diaz Smog in April 2018. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of Diaz Smog. However, even though there were six parking spaces, none of the parking spaces were marked and reserved for persons with disabilities during Plaintiff's visit. Currently, there is not a single parking space marked and reserved for persons with disabilities. On information and belief, Plaintiff alleges that the defendants once had an accessible parking space marked and reserved for persons with disabilities. |

| | | |
|---|---|---|
| | | Unfortunately, the parking space was allowed to fade or get paved over. Defendants do not have policy or procedure to ensure that parking spaces reserved for persons with disabilities remain useable. Plaintiff personally encountered this barrier. This inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment." <br>• (Complaint, ¶¶ 10, 12-16, 18-19). |
| | 5. The Barriers are Readily Achievable to Remove | "The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable. For example, there are numerous paint/stripe companies that will come and stripe a parking stall and access aisle and install proper signage on rapid notice, with very modest expense, sometimes as low as $300 in full compliance with federal and state access standards." <br>• (Complaint, ¶¶ 25-26) |

| 6. Plaintiff is deterred from returning. | "Plaintiff is and has been deterred from returning and patronizing Diaz Smog because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize Diaz Smog as a customer once the barriers are removed." |
|---|---|
| | • (Complaint ¶ 28) |

Each of the required factual allegations have been made. Plaintiff's Complaint alleges sufficient facts to satisfy Rule 8.

### III. Defendants ignore the deferential standard given to pleading language and demand detailed facts not required in a Complaint.

On a Motion to Dismiss under Rule 12(b)(6), the Court is required to "read the complaint charitably, to take all well-pleaded facts as true, and to assume that all general allegations embrace whatever specific facts might be necessary to support them."[5] All reasonable inferences from the facts alleged are drawn in plaintiff's favor in determining whether the complaint states a valid claim.[6] The Court must accept as true all material factual allegations in the complaint: "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."[7]

Defendants' argument urges the court to reject this charitable and deferential pleading standard in favor of a hyper-critical reading. For example,

---

[5] *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).

[6] *Braden v. Wal–Mart Stores, Inc.*, 588 F3d 585, 595 (8th Cir. 2009) ("*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice").

[7] *Bell Atlantic Corp. v. Twombly*, 550 US 544, 556 (2007) (internal quotes omitted).

although the Complaint alleges all the necessary factual and legal allegations necessary to state a claim, Defendants argue that the Complaint is deficient because Love fails to plead with enough particularity to state a claim. Given that this case is at the pleading stage, however, Love needs to only plead general factual allegations going to standing:

> At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim. In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true. And at the final stage, those facts (if controverted) must be supported adequately by the evidence adduced at trial.[8]

Once "sufficient factual matter, accepted as true" has been alleged to state a plausible claim, the Complaint is sufficient because "the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in detail the facts upon which he bases his claim.'"[9] This is no different in ADA-barrier claims. With respect to ADA claims, at the *pleading stage*, only the "minimal allegations" that "a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers" are sufficient to "establish that a plaintiff's injury is actual or imminent."[10]

As the *Wilson* court notes, this does not mean that complaint allegations will "survive a factual attack" but they are sufficient at the pleading stage.[11] As

---

[8] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).
[9] *Twombly*, *supra*, 550 U.S. at 556.
[10] *Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980 (9th Cir. 2009).
[11] *Ibid.*

the Ninth Circuit has held, although a plaintiff may have to prove standing by a preponderance of the evidence standard at trial, a plaintiff "is not required to prove its case simply to get in the courthouse door," and having the right to pursue and rely upon discovery and facts generated during litigation "would be meaningless if the [plaintiff] were required to meet the preponderance standard merely to commence an action."[12] "[C]oncerns about specificity in a complaint are normally handled by the array of discovery devices available to the defendant."[13]

The reason that simple statements such as those made by Love are sufficient at the pleading stage is that the "Supreme Court has instructed us to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the Act."[14] In ADA cases, standing should be conferred even "to the outermost limits of Article III."[15] Thus, "[a]llegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent."[16] And the Ninth Circuit has held that alleging "a desire to visit the accommodation if it were made accessible" is sufficient.[17] Love has made such allegations here, satisfying both Rule 8 and *Doran*.

---

[12] *U.S. v. Real Prop. Located at 5208 Los Franciscos Way, Los Angeles, Cal.*, 385 F.3d 1187, 1193 (9th Cir. 2004).
[13] *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832, 842 (9th Cir. 2007).
[14] *Doran*, 524 F.3d at 1039-1040 (9th Cir. 2008), quoting, *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972).
[15] *Kyles v. J.K. Guardian Sec. Servs.*, 222 F.3d 289, 294 (7th Cir. 2000).
[16] *Doran* at 1041.
[17] *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).

## IV. Defendants' Jurisdictional Challenge is Inappropriate as a 12(B)(1) Motion

"There is an important difference between Rule 12(b)(1) motions attacking the complaint on its face and those that rely on extrinsic evidence. In ruling on the former, courts must accept the allegations of the complaint as true." *Kohler v. CJP, Ltd.*, 818 F. Supp. 2d 1169, 1172 (C.D. Cal. 2011).

Here, the defendant has moved for dismissal on the basis that the court lacks subject matter jurisdiction. Dismissal for lack of subject matter jurisdiction in a case premised on federal-question jurisdiction is "exceptional."[18]

The defense motion to dismiss for lack of jurisdiction is based entirely on the claim that the defendants' parking lot and transaction counter now complies with the ADA and, therefore, there is nothing for the court to enjoin under the federal statute. While it is appropriate in certain circumstances to bring a motion under Federal Rule of Civil Procedure 12(b)(1) introducing extrinsic facts and challenging federal court jurisdiction, it is not appropriate in the present case with the present motion.

The problem with the defendants' motion is that the very question this Court needs to address in determining whether it has jurisdiction is the same question that must be answered to determine the merits of the case and whether plaintiff can prove his claims. Plaintiff alleges that the defendants' parking lot do not comply with state and federal accessibility laws. If that is true, the plaintiff wins and can obtain the injunction. If that is wrong, the plaintiff loses. That is the case. The ultimate question in this case is whether the defendants' facility complies with accessibility laws. The defendants, however, asks this Court to

---

[18] *Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 140 (9th Cir. 1983).

answer that very question in determining whether it has jurisdiction. This is improper.

The Ninth Circuit has cautioned that courts should not apply Federal Rule of Civil Procedure 12(b)(1) or 12(h)(3) when, as it is here, the issue of jurisdiction is intertwined with the merits of a claim.[19] Where the jurisdictional facts are intertwined with the merits, a Rule 56 "summary judgment standard" applies.[20] The question of jurisdiction and the merits of an action are considered intertwined where the same statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.[21] The defense can and should bring its claims in the form of a Rule 56 motion.

Simply put, this Court should not dismiss the action at this juncture because the jurisdictional analysis is coextensive with the merits of Plaintiff's ADA claim and a factual dispute exists as to the alleged corrections.

### V. Defendants Have Not Met the "Formidable" Burden of Establishing Mootness

In order to establish that the federal claim has been rendered moot, the defense must establish two things: (1) that the violation has been fixed; and (2)

---

[19] *See Sun Valley Gasoline*, 711 F.2d at 139-40; *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Robert v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) ("The relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction in a case . . . where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'") (citation omitted).

[20] *Robert*, 812 F.2d at 1177; *Careau Grp. v. United Farm Workers of Am., AFL-CIO*, 940 F.2d 1291, 1293 (9th Cir. 1991).

[21] *Sun Valley*, 711 F.2d at 1138.

that the violation cannot be reasonably expected to recur. The defendants have not established either of these prongs.

### A. Defendants Have Not Established that the Parking and Transaction Counter Comply

Even if it were appropriate for the Court to make determinations regarding the ultimate factual question on a motion to dismiss, the defendants have not provided a sufficient showing. There is insufficient evidence before the Court to determine whether the work done on the parking lot and transaction counter[22] complies with the law. The defense has not provided a single relevant measurement. The defense does not inform us about the length of the parking space and access aisle, the width, or the slope, or the height of the transaction counter or table. You simply cannot make claims about the accessibility of physical conditions without providing measurements. Defendants have only submitted photographs depicting the subject property. Defendants have failed to include a CASP Inspection Certificate, or a CASp report after the alleged remediation, or even a declaration stating what work has been done. The defendants simply ask we take their word for it on the basis of a few low-resolution black and white images.

"The issues involved in ADA accessibility cases are, to be frank, mind-numbingly boring; the ADA Accessibility Guidelines regulate design elements down to the minutest detail. But, although the ADA's requirements are highly technical, they are essential to serve a core function of all civil rights laws:

---

[22] It's unclear from the exhibits to Defendant's motion whether any work was done to bring the transaction counter into compliance at all. The body of the motion states that a "customer table with two (2) chairs" is available to disabled customers at the store, but no such table appears in the exhibit. Defendant's Points and Authorities – Motion to Dismiss, Dkt. 64, Page 4, Lines 24-25

---

14

ensuring that the arenas of civic life are open to everyone."[23] "Any element in facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access." These are "objective" and "precise" standards and "the difference between compliance and noncompliance" is "often a matter of inches."[24] Plaintiff's firm has many cases where ostensibly disabled parking exists but the entire fight is over the configuration and measurements. The defendant did not provide any evidence as to the Defendants' claim that the barrier was remediated. There are issues to be examined and discovery needs to be done before anyone can blithely declare the facility is in compliance.

The plaintiff respectfully requests this Court refrain from making factual determinations that go right to the heart of the merits of the case as this is improper at this juncture. Plaintiff asks that this Court deny the defendants' motion to dismiss.

### B. Defendants Have Not Established the Violation Will Not Recur

"The test for mootness…is a stringent one. Mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant free to return to his old ways."[25] Moreover, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."[26] A claimed remedy "might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be

---

[23] *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 732, fn. 5 (9th Cir. 2007) (internal quotation marks omitted for readability).
[24] *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).
[25] *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203-04 (1968) (citation and internal punctuation omitted).
[26] *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982).

expected to recur." The party asserting mootness has "the heavy burden of persuading the Court that the challenged conduct cannot be reasonably expected to recur."[27]

In this case, Plaintiff alleged in his complaint that, "The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities."[28] **The defense never refutes this claim**. It appears that without an injunction forcing the defense to comply with the ADA, this cycle will recur every few years. Thus, merely because defendants claim that the barriers have been removed does not mean that it will also not be permitted to happen again once the smoke clears from this case. One of the violations in this case (failure to maintain an accessible parking) is easily recurring and the remediation (painting) is not permanent and always in flux.

There are a number of ADA violations that are structural in nature and their removal means that the violation cannot reasonably recur. For example, if the barrier is an unramped step and the defendant physically removes the step and replaces it with a permanent ramp, there is no reasonable likelihood that the violation will be repeated. When the removal of the barrier involves a "structural modification," it is unlikely that the barrier will show up again in the future.[29]

We do not have a similar situation in the present case with the parking. Parking lot striping is not structural and not permanent. Parking lot striping is a

---

[27] *Friends of the Earth*, 528 U.S. at 167.
[28] Complaint ¶ 24.
[29] *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 99 (D.D.C. 2007) (where the defendant installed a handicap accessible sink and the court noted that the lack of an accessible sink could not be reasonably expected to recur in the future as the fix involved "structural modification" that was, "in short, a *fixture*" and somewhat permanent) (emphasis in original).

violation that continually resurfaces at a particular site. Parking lot striping, especially at asphalt parking lots such as in this case, needs to be redone every few years. It is important to note that each time the parking lot is restriped, it constitutes an "alteration" under both the California Building Code and the federal accessibility standards and, therefore, the striping must strictly comply with the most current code. In *Moeller v. Taco Bell Corp.*, the defense argued otherwise, claiming that parking lot restriping is "painting" which is simply cosmetic and exempted from the alteration requirement of the CBC.[30] The *Moeller* court rejected the claim and held that, "parking striping is an 'item regulated by' Title 24, and thus cannot be considered merely cosmetic." Likewise, in *Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.*, the court held that the restriping of a parking lot constituted a new alteration on that date, subject to the new construction/alteration standards.[31]

Thus, every time a defendant repaints its faded parking lot, it is subject to the current codes and has a renewed obligation to comply with the access standards. In *Modern Dev. Co. v. Navigators Ins. Co.*, the court noted that the physical conditions of a business, including its "architectural barriers" are "the result of day-to-day managerial decisions, actions or omissions to act" and that whether or not there is a violation, "As a matter of law, the architectural layout of a building is not an accident" and that by failing to change the conditions, defendant is fairly said to have "intended the architectural layout of the [business] to be the way it was when [a plaintiff] visited" the business.[32]

In this case, the defendants only added handicap parking space *after* being notified. Under such circumstances, courts have been advised to be

---

[30] *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 853 (N.D. Cal. 2011)
[31] *Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.*, 975 F. Supp. 2d 1374, 1392-93 (N.D. Ga. 2013)
[32] *Modern Dev. Co. v. Navigators Ins. Co.*, 111 Cal. App. 4th 932, 941 (2003)

skeptical. "It is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit, and there is a probability of resumption."[33]

Merely fixing a problem after being sued does not render the claims moot. "The question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can by any effective relief. Mere voluntary cessation of allegedly illegal conduct does not moot a case; it if did, the courts would be compelled to leave the defendant free to return to his old ways."[34] Here, if the Court finds that there was a parking lot violation and the violation was the result of a failure to maintain the lot properly, the Court can certainly order the defendant to maintain the parking lot in compliance with the ADA accessibility standards.

### C. Defendants Have Not Addressed the Voluntary Cessation Standard

The defendants have made no attempt in its moving papers to support a voluntary cessation claim. The defendants seem to be working under the assumption that simply painting the parking space irrevocably solves the problem, moots the issue and deprives this Court of jurisdiction and the ability to provide effective relief under the federal claim. But the problem is deeper than the temporary lack of a compliant handicap parking space. The problem is the failure of the defendant to maintain the parking lot in proper form and, it seems, a decision at some point to allow removal of an ostensibly accessible parking

---

[33] *Santiago v. Miles*, 774 F.Supp. 775, 793 (W.D.N.Y. 1991), *quoting, United States v. W.T. Grant*, 345 U.S. 629, 632 (1953); *see also Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1186 (11th Cir. 2007) (collecting cases).

[34] *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130 (C.D. Cal. 2005) (internal cites and quotes omitted for readability).

space. The defense put forth no evidence explaining how this violation will not recur in the future.

The *Moeller* case provides an example of the type of deliberate consideration that goes into a voluntary cessation claim. In *Moeller*, the defense raised the voluntary cessation claim and identified the existence of written policies and an actual maintenance contract it had entered into to demonstrate that the violations would not recur in the future. The Court considered those things and found that the defendant had not met the formidable burden of proving mootness. The Court reasoned that polices could be "rescind[ed] at any time," that the defendant "had on multiple occasions not followed its policy that accessible parking spaces have required signage," that the defendant "could change these policies-by, for example, not renewing its year-to-year contract with [maintenance company]" and so on.[35] In sharp contrast, the defense in this case has not identified any policy, has not identified a maintenance agreement, has not identified a plan of any sort, and has not even tried to support this defense. Even if the defense had submitted evidence of this sort, plaintiff would be entitled to test and explore those claims in discovery.

## VI. Conclusion

Based on the foregoing, Plaintiff respectfully requests this Court deny Defendants' motion to dismiss.

Dated: January 5, 2020                             CENTER FOR DISABILITY ACCESS

                                                   By: ___/s/ Elliott Montgomery___
                                                   ELLIOTT MONTGOMERY
                                                   Attorneys for Plaintiff

---

[35] *See Moeller*, 816 F. Supp. 2d at 860-62.