UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-871-MWF-JC                                    Date:  March 5, 2020
Title:     Samuel Love v. Jack Alfred Nalbandian et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: DEFENDANTS' MOTION TO DISMISS COMPLAINT [62]

Before the Court is Defendants Jack Alfred Nalbandian, Diala George Nalbandian, and Noe Diaz's Motion to Dismiss Complaint (the "Motion"), filed on November 15, 2019.  (Docket No. 62).  Plaintiff Samuel Love filed an Opposition on January 5, 2020.  (Docket No. 70).  No Reply was filed.

The Motion was noticed to be heard on January 27, 2020.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Motion is **DENIED**.  The arguments raised by Defendants are all factual disputes which the Court cannot consider at the motion to dismiss stage.

## I.   BACKGROUND

On April 26, 2018, Plaintiff commenced this action.  (*See generally* Complaint (Docket No. 1)).  The following facts are based on the Complaint, which the Court assumes are true and construes any inferences arising from those facts in the light most favorable to Plaintiff.  *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the

---
**CIVIL MINUTES—GENERAL**                                                                                               1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-871-MWF-JC                               Date:  March 5, 2020
Title:     Samuel Love v. Jack Alfred Nalbandian et al.

plaintiff") (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

Plaintiff is a "California resident with physical disabilities" and is a "paraplegic" who "uses a wheelchair for mobility." (*Id.* ¶ 1). Jack Alfred Nalbandian and Diala George Nalbandian owned the real property located at or about 1347 N. Mount Vernon Avenue, Colton, California (the "Property"), in April 2018 and currently. (*Id.* ¶¶ 2-3). Defendant Noe Diaz Camargo owned Diaz Smog, located at the Property, in April 2018 and currently. (*Id.* ¶¶ 4-5). Diaz Smog is open to the public. (*Id.* ¶ 11).

Plaintiff went to Diaz Smog in April 2018. (*Id.* ¶ 10). On the date of his visit, none of the parking spaces at Diaz Smog were marked and reserved for persons with disabilities. (*Id.* ¶¶ 12-13). Plaintiff alleges that "[c]urrently, there is not a single parking space marked and reserved for persons with disabilities." (*Id.* ¶ 14). On information and belief, Plaintiff alleges that Defendants once had an accessible parking space marked and reserved for persons with disabilities. (*Id.* ¶ 15). Unfortunately, the parking space was allowed to fade or get paved over. (*Id.*). Defendants do not have a policy or procedure to ensure that parking spaces reserved for persons with disabilities remain usable. (*Id.* ¶ 16.). Plaintiff further alleges that Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Property. (*Id.* ¶ 17). Plaintiff personally encountered these barriers. (*Id.* ¶ 18).

Defendants' putative failure caused Plaintiff difficulty and discomfort, and deprived Plaintiff full and equal access. (*Id.* ¶ 19).

Additionally, transaction counters are another of the facilities, privileges, and advantages offered by Defendants to patrons of Diaz Smog. (*Id.* ¶ 20). Even though Plaintiff did not personally encounter the counter, Plaintiff alleges the counter at Diaz Smog is more then 36 inches in height, and is in fact 40 inches high. (*Id.* ¶ 21). There is no lowered, 36 inch portion of the counter at Diaz Smog for use by persons in wheelchairs. (*Id.* ¶ 22).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-871-MWF-JC                                    Date:  March 5, 2020
Title:     Samuel Love v. Jack Alfred Nalbandian et al.

The barriers identified above are easily removed without much difficulty or expense, and there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.  (*Id*. ¶ 25).

Defendants' failure has deterred Plaintiff from returning to Diaz Smog.  (*Id*. ¶ 23).   Plaintiff plans to return to Diaz Smog once the barriers are removed.  (*Id*. ¶¶ 22, 28).

Plaintiff further alleges that "on information and belief, that there are other violations and barriers on the site that relate to his disability."  (*Id*. ¶ 29).  Plaintiff promises to "amend the complaint [and] . . . provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection."  (*Id*.).  Plaintiff also alleges on information and belief that the failure to remove these barriers was intentional.  (*Id*. ¶ 30).

Plaintiff's Complaint asserts two claims for relief: (1) violation of the ADA; and (2) violation of California's Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code § 51 *et seq.*  (*Id.* ¶¶ 31-44).

## II.   LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus &*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  EDCV 18-871-MWF-JC | Date:  March 5, 2020 |
| Title:    Samuel Love v. Jack Alfred Nalbandian et al. | |

*Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  See *Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).  Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation.  Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers*, 729 F.3d at 960.

## III.  **DISCUSSION**

Defendants argue that the Complaint should be dismissed because (1) they have fixed the two issues identified in the Complaint related to the parking spaces and the counter; (2) Plaintiff did not actually patronize Diaz Smog and instead "just drove by and 'flagged' Diaz Smog; (3) Defendants attempted to settle with Plaintiff, but to no avail; (4) the action is moot because Defendants cured the ADA violations; and (5) Plaintiff is a "pervasive" litigant.  (Motion at 2-13).

In opposition, Plaintiff argues that he has met the requisite pleading standard. (Opposition at 5-9).  Specifically, Plaintiff argues that he "has made all the necessary factual legal allegations necessary to state a claim" because he has alleged that (1) he is disabled; (2) Diaz Smog is a place of public accommodation; (3) Defendants are the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-871-MWF-JCDate:  March 5, 2020
Title:Samuel Love v. Jack Alfred Nalbandian et al.

responsible parties; (4) Diaz Smog has an easily removed barrier that Defendants failed to remove; (5) Plaintiff actually encountered the barrier; and (6) the barrier continues to impact Plaintiff and deters him from returning.  (*Id*. at 6).  Further, Plaintiff argues that at this stage in the litigation, the Court must "take all well-pleaded facts as true," and should therefore disregard Defendants' arguments regarding their alleged remedying of the ADA violations.  (*Id*. at 9-19).

The Court agrees with Plaintiff.  At bottom, Defendants contend that Diaz Smog is no longer in violation of the ADA, because they remedied the counter height and the parking spaces.  However, Plaintiff is correct that the Court cannot consider such factual assertions at this stage in the litigation.  It may ultimately be true that this case is moot because Diaz Smog has remedied the alleged violations.  However, the Complaint alleges that Diaz Smog "currently" still has the violations, and the Court must presume such an allegation to be true.

Similarly, while Defendants contend that Plaintiff did not truly visit the property, and has no intention to return, that again is a factual dispute that contradicts the allegations in the Complaint.  At this stage in the litigation, the Court must take Plaintiff's allegation that he visited Diaz Smog and intends to return as true.

Finally, the number of lawsuits Plaintiff has filed in this District (and elsewhere) does not change the Court's analysis at this stage of the litigation.

Under California law, an ADA violation constitutes a violation of the Unruh Act and a violation of the Disabled Persons Act.  *See* Cal. Civ. Code § 51(f); Cal. Civ. Code § 54.1(d).  Because Plaintiff has adequately alleged a violation of the ADA, he also has adequately alleged a violation of the Unruh Act.

The Court encourages the parties to work toward a resolution of this case, if, as Defendants assert (and Plaintiff does not rebut) the violations at issue have been remedied.

Accordingly, the Motion is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  EDCV 18-871-MWF-JC | Date:  March 5, 2020 |
| Title:     Samuel Love v. Jack Alfred Nalbandian et al. | |

Because Defendants have already answered the Complaint, there is no need for Defendants to file any additional response to the Complaint.

IT IS SO ORDERED.

The Court may not provide advice to any party, including persons who are not represented by a lawyer.  (Such persons are known as "pro se litigants.")  However, this District does have a "Pro Se Clinic" that can provide information and assistance about many aspects of civil litigation in this Court.  Public Counsel's Federal Pro Se Clinic provides free legal assistance to people representing themselves in the United States District Court for the Central District of California.  The Pro Se Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, California 90012.

The Los Angeles Clinic operates by appointment only.  You may schedule an appointment either by calling the Clinic or by using an internet portal.  You can call the clinic at (213) 385-2977, ext. 270, or you can submit an internet request at the following site: http://prose.cacd.uscourts.gov/los-angeles.

Clinic staff can respond to many questions with a telephonic appointment or through your email account.  It may be more convenient to email your questions or schedule a telephonic appointment.  Staff can also schedule you for an in-person appointment at their location in the Roybal Federal Building and Courthouse.

In addition, the Court has information of importance to pro se litigants at the "People Without Lawyers" link, http://prose.cacd.uscourts.gov/.

Pro se litigants may also apply to the Court for permission to electronically file.  Form CV-005 is available at http://www.cacd.uscourts.gov/court-procedures/forms.

The Court's website home page is http://www.cacd.uscourts.gov.